**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEREMY JACKSON, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br>   v.<br><br>WALKER ADVERTISING, LLC<br><br>             Defendant. | Case No. 4:24-cv-00934-MWB<br><br><br>**JURY TRIAL DEMANDED** |

**EMERGENCY MOTION FOR LEAVE TO SERVE A THIRD-PARTY**
**SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby moves this honorable court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on Comcast Cable Communications, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, and e-mail address for the subscriber to the IP Address 71.230.81.156, as well as for an order prohibiting Comcast from destroying any responsive customer information pertaining to the IP address 71.230.81.156 pursuant to 47 U.S.C. § 551(e). In support thereof, Plaintiff states the following:

I.      **INTRODUCTION**

As set forth in Plaintiff's complaint, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from an entity calling his number on the Do Not Call Registry calling to solicit him for personal injury legal services. Pre-answer discussions with opposing counsel have revealed that the Defendant intends to assert at least two defenses: a consent defense based upon a purported website visit Mr. Jackson is alleged to have committed, as well as a motion to compel arbitration based upon an arbitration clause purportedly listed on

the website Mr. Jackson is alleged to have visited.  Mr. Jackson denies these allegations and denies ever having visited the website, or directing or authorizing anyone else to do so.

The Defendant has provided the IP address of 71.230.81.156 as the IP address from which the website was visited and the Plaintiff's alleged lead was submitted. The Defendant contends that the opt-in was submitted on April 29, 2024 at 7:20 PM Eastern Time. This IP address is assigned by the proposed entity for which the subpoena is sought, Comcast Cable Communications, who assigned the IP address to a customer in the Philadelphia area, as ascertainable from multiple third-party databases, including MaxMind, a database used by the United States Department of Justice.

**Time is of the essence in ruling on this motion.** This is because Comcast only retains the IP address assignment records for residential customers for 90 days, after which such records of specific customer assignments are *permanently destroyed.* Because Comcast is a cable operator, such destruction will be accomplished under the provisions of 47 U.S.C. § 551(e) absent issuance and service of a lawful court order, sought herein, prohibiting Comcast from destroying records associated with the IP address 71.230.81.156 absent further leave of court. Because the website visit is alleged to have occurred on April 29, 2024, the relevant records may be destroyed as early as July 28, 2024. Counsel for Plaintiff has conferred with counsel for Defendant about this relief, and Defendant has dragged its feet *for over a month* about even getting the Plaintiff an answer, and seems to indicate that it opposes this motion but has avoided from affirmatively so stating. Plaintiff suspects this is a delay and stall tactic on the part of the Defendant to avoid revealing and ensuring the destruction and spoliation of evidence it knows will sink its defense because the records sought will affirmatively prove that *Mr. Jackson never visited the website.*  There is no excuse for permitting the spoliation of this critical evidence for

disputed issues of weight, admissibility, relevance or otherwise. To the extent that issues surrounding the motion remain, the Court should grant the motion, prohibit Comcast from destroying records associated with the IP address 71.230.81.156, and direct Comcast to provide its response to the Court, to be held under seal pending further motions practice or resolution of the dispute as among the parties or Court.

In short, seeking the subscriber information for the IP address at issue will affirmatively bear on and prove a critical fact in this litigation: that Mr. Jackson never visited the website, and therefore could not possibly have consented to the calls, let alone agreed to arbitrate his claims. The Court should unquestionably issue an order immediately permitting the Plaintiff to seek the IP Address assignment information from Comcast before it is destroyed forever. The Court should also further order Comcast, pursuant to the data destruction provisions of 47 U.S.C. § 551(e), to refrain from destroying records associated with the IP address 71.230.81.156 during the pendency of this litigation.

## II.      LEGAL ARGUMENT

### a.   Legal Standard Governing Discovery Requests to Identify IP Addresses

Cases such as this are the paradigm for when courts should grant leave to conduct pre-Rule 26(f) conference discovery. For example, courts around the country routinely grant such requests in copyright infringement actions where the IP address is alleged to have been observed downloading copyrighted content.  "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added).

3

The Third Circuit has instructed that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it*." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants."); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"). And, "[i]n conducting any discovery inquiry, the Third Circuit has suggested that district courts risk reversal if their rulings will make it impossible for any party to 'obtain crucial evidence[.]'" *Strike 3 Holdings, LLC v. Doe,* No. 18-12585 2020 WL 3567282 at *5 (D.N.J. June 30, 2020) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)).

Of course, here the Plaintiff is not seeking to add in an additional or alternative Defendant, but the Third Circuit's reasoning applies with equal force. Here, failing to permit the immediate issuance of a subpoena and associated preservation order to Comcast for a singular IP address to ascertain the identity of the customer would make it impossible for the Plaintiff to obtain crucial evidence to oppose the Defendant's threatened motions to dismiss and to compel arbitration. Comcast's identification of the customer that is assigned the IP address will prove tremendously beneficial to the Court in evaluating especially the motion to compel arbitration and will further strengthen the Plaintiff's claims he did not visit the website alleged, particularly as the Court must consider extrinsic evidence on this motion. Moreover, identification of the customer assigned the IP address might provide critical insight into what actually happened in this matter, such as, e.g., Defendant using a residential callback proxy network to submit fraudulently-generated leads and make them look like they were submitted by a customer.

"Ordinarily, a party may not seek discovery prior to a Rule 26(f) conference absent a court order. [However], [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *K-Beech, Inc. v. Doe*, No. 11-7083, 2012 WL 262722, at *2 (E.D. Pa. Jan. 30, 2012). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (citation omitted). In this District, courts typically determine whether "[g]ood cause exists to allow the issuance of a subpoena at this early stage," based on five factors:

> (1) plaintiff makes a *prima facie* showing of a claim, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) the defendant has a minimal expectation of privacy.

*Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). The Plaintiff will address each of these factors in turn.

### b.  Good Cause Exists to Grant Plaintiff's Motion.

*Frist,* the Plaintiff has demonstrated a *prima facie* claim for violations of the Telephone Consumer Protection Act. The Plaintiff has alleged that he received multiple calls from the Defendant without his consent. The Plaintiff has alleged that the calls were made to sell personal injury legal services and were sent to a number on the National Do Not Call Registry. The TCPA makes it unlawful to send a solicitation call to a subscriber on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). Accordingly, the Plaintiff has stated a *prima facie* claim for TCPA violations.

*Second,* the Plaintiff seeks discovery for specific concrete information pertaining to the singular IP address that the Defendant has identified as the one that visited its website and

5

allegedly submitted the Plaintiff's information. As indicated above, the Plaintiff only seeks information to identify the name and contact information of the subscriber for that IP address, to include the name of the subscriber, address, contact telephone number, website, and e-mail address. In cases alleging copyright infringement, courts have determined that similar subscriber identity information pertaining to a singular IP address was "highly specific." *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018).

*Third,* there exist no alternative means whereby the Plaintiff can obtain the subpoenaed information. Counsel for the Plaintiff sent Comcast a preservation request on May 27, 2024, requesting informally that Comcast preserve the IP address information and associated customer assignment information for use in litigation. Comcast responded to the letter and noted that they are not required to, and do not, comply with preservation requests and that the only way to obtain IP address information is by issuance of a subpoena. Counsel for Plaintiff also notes that Comcast's publicly available law enforcement subpoena policy indicates that it retains IP address logs for 180 days but also notes that it requires preservation requests to retain records to be submitted within 90 days. Furthermore, it indicates, as is the norm, that it will only preserve information for law enforcement agencies upon request and will instead insist on strict adherence to civil process and require a court order to preserve information when the information is used in a civil case. Counsel for Plaintiff has also previously received responses from Comcast indicating that they had no responsive information to nearly identical requests because the request was submitted more than 90 days after the date the IP address was reassigned and has therefore been permanently destroyed. Accordingly, it is likely that the information will be deleted if it is not subpoenaed, and the Court orders its preservation, after July 28, 2024.

Moreover, although the IP address is not the Plaintiff's IP address, the Plaintiff has no clue whose IP address it is and is being forced to speculate as to the nature of the website visit in an insufficient manner such as to be able to adequately meet or advance defenses to the threatened consent or arbitration arguments in this case. Identification of the subscriber of the IP address will go a long way to demonstrating and allowing the Plaintiff to ascertain and articulate why the Defendant's arguments in this regard will be meritless. Counsel for the Plaintiff searching the IP address in MaxMind, an IP address database routinely used for investigative purposes by the United States Department of Justice, also shows that the IP address is a Comcast IP located in the Philadelphia geographical area. These facts certainly bolster the Plaintiff's claims that he did not commit the website visit (not the least reason because he was not in Philadelphia at the date and time of the alleged opt in but rather was at his home at the other end of the state), nor permitted his information to be submitted in this matter, but do not otherwise identify the subscriber of the IP address at issue. As the Eastern District of Pennsylvania has previously remarked, "there is no practical way for plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider;" the same is true here. *Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). There is no practical way to ascertain *who* submitted the internet lead except through a subpoena on the ISP for the identity of the subscriber assigned the IP Address that submitted it.

*Fourth*, there is a central need for the subpoenaed information. As previously described, the Plaintiff cannot create a full response to the defenses, nor for that matter can the Court "proceed summarily to the trial" of the arbitration issue, without this critical evidence which is about to be destroyed. 9 U.S.C. § 4. And, once the Plaintiff has obtained this information, both parties can evaluate their respective claims and defenses and confirm that they continue to have

has a good-faith basis for asserting the same. *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019). Indeed, a sister court, in granting leave to conduct expedited discovery for telephone records in a TCPA case under similar circumstances as here, held that "plaintiffs will be helpless to timely serve Global with the summons and complaint or to otherwise prosecute their case without that information." *Catlin*, 2014 WL 3955220, at *2.

*Finally,* the subscriber assigned the IP address has a minimal expectation of privacy. Courts have addressed some skepticism, founded in privacy and embarrassment concerns, when subscriber identities have been sought in connection with subpoenas for subscribers alleged to have downloaded adult pornographic materials. However, the circumstances of this case show that it is markedly different. The IP address information at issue here purports to a relatively benign set of facts–allegedly submitting one's information to a website advertising lawyers for personal injury services. The majority of cases even in the copyright infringement context have held limited privacy interests when one holds out information, such as one's IP address, not to mention other personal information submitted into the lead form here, let alone when regarding potentially sensitive adult content. *See in re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003). Any entity illegally using Mr. Jackson's information and submitting it onto websites has little privacy interest in its own name and address. *Catlin*, 2014 WL 3955220, at *2.

### c.   Granting this Motion Conforms to Existing Precedent

Plaintiff notes that courts frequently grant similar motions the TCPA and copyright infringement contexts when critical information pertaining to the calls at issue in the case and the identity of the caller are only available from a telecommunications provider. This is all the more the case when, as here, the records sought are particularly ethereal and subject to reduced retention periods. *See, e.g., Richardson v. Virtuoso Sourcing Grp.*, L.L.C., No. 8:15-CV-2198-T-

17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015) (expedited discovery in TCPA case in the context of motion for default judgment); *Catlin*, 2014 WL 3955220, at *2 (expedited discovery to serve defendant in a TCPA lawsuit). Given that the interests here are similar to those in existing cases and given that the risks involved in obtaining such information are nowhere near as potentially harmful or embarrassing as those of copyright infringement of sexual content, the court should GRANT Plaintiff's Motion. The urgency of the motion is all the more underscored because of the imminent destruction of this critical but ethereal evidence, and the Court should not hesitate to grant it. The Court should further issue an order directing Comcast Cable Communications to refrain from destroying documents it has regarding the IP address 71.230.81.156 during the pendency of this litigation.

### III.    CONCLUSION

For the foregoing reasons, the Court should GRANT the Plaintiff leave to serve a Rule 45 subpoena on Comcast Cable Communications, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, and e-mail address for the IP address 71.230.81.156 on April 29, 2024. The court should also order Comcast, pursuant to 47 U.S.C. § 551(e), to refrain from deleting documents it has relating to the IP address 71.230.81.156 during the pendency of the litigation and craft any other further such orders and relief as it sees just and proper.

RESPECTFULLY SUBMITTED AND DATED this July 10, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **LOCAL RULE CONFERAL CERTIFICATION**

Plaintiff informed Defendant of his intent to file the instant motion over a month ago, including explaining its relevance, importance, and time-sensitive nature of the relief sought and sought concurrence. Counsel for the Defendant has consistently stated that they continue to confer with their client about the relief requested but have not formally stated that they oppose the motion. However, given these facts, counsel for Plaintiff must represent to the Court that this motion is likely opposed.

July 10, 2024

*/s/ Andrew Roman Perrong*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

July 10, 2024

*/s/ Andrew Roman Perrong*

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEREMY JACKSON, individually and on behalf of all others similarly situated, | Case No. 4:24-cv-00934-MWB |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| WALKER ADVERTISING, LLC | |
| Defendant. | |

**[PROPOSED] ORDER ON EMERGENCY**
**MOTION FOR LEAVE TO SERVE A THIRD-PARTY**
**SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

 **THIS CAUSE** came before the Court upon Plaintiff's Emergency Motion for Leave to Serve A Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion")**,** and the Court being duly advised in the premises does hereby **FIND, ORDER AND ADJUDGE:**

  1.  Plaintiff established that "good cause" exists for him to serve a third-party subpoena on Comcast Cable Communications for the identity of the subscriber assigned the IP address 71.230.81.156 on April 29, 2024.

  2.  Plaintiff, through his counsel, may serve Comcast Cable Communications a Rule 45 subpoena commanding them to provide Plaintiff documents reflecting the true name, address, contact telephone number, and e-mail address for the subscriber assigned the IP address 71.230.81.156 on April 29, 2024.

  3.  Comcast Cable Communications is further ordered to refrain from destroying information responsive to the subpoena or documents and records pertaining to IP address 71.230.81.156 as soon as a copy of this Court Order, and subpoena, is duly served upon the registered agent for

11

Comcast Cable Communications. This paragraph shall serve as an order under the provisions of 47 U.S.C. § 551(e), pertaining to destruction of information by cable providers. This order shall remain in effect until the termination of the litigation or further order of the Court.

4.   Comcast shall comply with any contractual customer notification provisions or any other applicable privacy statutes prior to making disclosure responsive to the Subpoena to the Plaintiff, including by complying with the cable customer notification provisions of 47 U.S.C. § 551(c)(2)(B) prior to providing a response, provided, however, that it confirms that it has identified and will preserve all relevant information responsive to the subpoena, as well as with the preservation order in the foregoing paragraph.

5.   Plaintiff may use the information disclosed in response to this subpoena for the sole purposes of litigation and enforcing his TCPA claims, as more fully set forth in his complaint, and not for any other improper purpose, such as to harass the person or entity identified in the response.

DONE AND ORDERED this ___ day of _____, 202___.

By: _____

Hon. _____, U.S. District Judge