IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>WALKER ADVERTISING, LLC<br>AND<br>JOHN DOE LEAD GENERATOR<br><br>　　　　　　　　　Defendants. | Case No. 4:24-cv-00934-MWB<br><br>**JURY TRIAL DEMANDED** |

## ORDER

**AND NOW**, this 26th day of July 2024, upon consideration of Plaintiff's Emergency Motion for Leave to Serve A Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion")**, IT IS HEREBY ORDERED** that:

1. Plaintiff established that "good cause" exists for him to serve a third-party subpoena on Comcast Cable Communications for the identity of the subscriber assigned the IP address 71.230.81.156 on April 29, 2024.

2. Plaintiff, through his counsel, may serve Comcast Cable Communications a Rule 45 subpoena commanding them to provide Plaintiff documents reflecting the true name, address, contact telephone number, and e-mail address for the subscriber assigned the IP address 71.230.81.156 on April 29, 2024.

3. Comcast Cable Communications is further ordered to refrain from destroying information responsive to the subpoena or documents and records pertaining to IP address 71.230.81.156 as

soon as a copy of this Court Order, and subpoena, is duly served upon the registered agent for Comcast Cable Communications. This paragraph shall serve as an order under the provisions of 47 U.S.C. § 551(e), pertaining to destruction of information by cable providers. This order shall remain in effect until the termination of the litigation or further order of the Court.

4. Comcast shall comply with any contractual customer notification provisions or any other applicable privacy statutes prior to making disclosure responsive to the Subpoena to the Plaintiff, including by complying with the cable customer notification provisions of 47 U.S.C. § 551(c)(2)(B) prior to providing a response, provided, however, that it confirms that it has identified and will preserve all relevant information responsive to the subpoena, as well as with the preservation order in the foregoing paragraph.

5. Plaintiff may use the information disclosed in response to this subpoena for the sole purposes of litigation and enforcing his TCPA claims, as more fully set forth in his complaint, and not for any other improper purpose, such as to harass the person or entity identified in the response.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge